IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ARLEN RAY MARIANI,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:04-CV-1056 TS<br><br>Criminal Case No. 2:00-CR-461 TS |

Petitioner Arlen Ray Mariani brings a Petition to Vacate, Set Aside or Correct Sentence. Although the Petition states that it is brought pursuant to 28 U.S.C. § 2254, the Court construes it as one brought pursuant to 28 U.S.C. § 2255, because Petitioner states that the "judgment of conviction under attack" is the "[j]udgment for violation of conditions of release dated June 24, 2002, United States District Court, District of Utah."[1]  Petitioner is proceeding *pro se* in this matter.  The Court notes that, on March 11, 2005, it ordered the government to respond in

---

[1] Petition at 1.

1

writing to the instant Petition on or before May 6, 2005.[2]  However, the government has failed to file any response.  The Court will render its decision without the benefit of the government's response.  The Court finds that § 2255 does not provide Petitioner with relief because he is not in federal custody, and is not under a federal sentence which may be vacated, set aside or corrected.  Therefore, the Court will deny the Petition and close this case.

On October 4, 2000, this case was transferred to this Court from the United States District Court for the Northern District of Texas[3] for supervision after the completion of his federal term of imprisonment imposed by the Northern District of Texas.  On October 31, 2000, a Petition was filed, alleging violation of the terms and conditions of Petitioner's supervised release.  Another Petition was lodged on March 20, 2002, and on June 19, 2002, Petitioner was sentenced on the violation to 21 months custody with the Bureau of Prisons, to be followed by 33 months supervised release.  Petitioner was released from federal custody on December 5, 2003.

On February 5, 2004, another Petition was filed against Petitioner, alleging that he was arrested for various state crimes, in violation of his term of federal supervised release.  Petitioner is currently in state custody on those state charges.  While the current allegations of federal supervised release are pending, only a Marshall's detainer has been lodged and no further action has been taken to prosecute these allegations and it appears that none will be taken until the completion of Petitioner's state jail time.

---

[2] Docket No. 3.

[3] Texas District Case No. 3:94-CR-182-T(01).

Petitioner seeks that his current state time run concurrent to federal time. However, this § 2255 Petition is not the proper avenue for relief. First, it is not clear that Petitioner is in federal custody, as is required by the statute. Furthermore, there is certainly no federal sentence currently from which the Court could grant relief in any event. Therefore, the Court must deny the § 2255 Petition and close this case.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 5th day of October, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge